UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) INJUNCTIVE RELIEF REQUESTED |
| | ) |
| Plaintiff, | ) |
| | ) |
| V | ) CASE NO.: |
| | ) |
| COOPER'S HAWK ARLINGTON | ) |
| HEIGHTS, LLC d/b/a Cooper's Hawk | ) |
| Winery & Restaurant-Arlington Heights, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel, hereby

files this Complaint against COOPER'S HAWK ARLINGTON HEIGHTS, LLC d/b/a Cooper's

Hawk Winery & Restaurant- Arlington Heights ("Defendant") for declaratory and injunctive

relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees)

pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and

alleges as follows:

## JURISDICTION AND VENUE

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C.

§1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's

violations of Title III of the ADA.  *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA

Standards.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events

giving rise to the lawsuit occurred in the Northern District of Illinois.

1

## **PARTIES**

3.     Plaintiff, HOWARD COHAN is a resident of the state of Florida residing in Palm Beach County, Florida.

4.     Except for the period of the pandemic in 2020 and 2021, Plaintiff frequently travels to Illinois and had averaged at least two (2) trips per year for the past ten (10) years. These trips to Illinois recently included at least five trips to the Northwest suburbs of Chicago during the last several years where Plaintiff meets with one of his attorneys in that area and enjoys going to the area's restaurants and shops, including those located in Arlington Heights, Illinois.

5.     Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this lawsuit, and is located at 798 W. Algonquin Road, Arlington Heights, Illinois 60005 ("Premises") and is the owner of the improvements where the Premises is located.

6.     The Premises is a restaurant and is, therefore, a place of public accommodation.

7.     Defendant is authorized to conduct and is, in fact, conducting business within the State of Illinois.

8.     Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.  The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions, Plaintiff suffers body weakness, mobility limitations, abnormal gate, and

abnormal balance. Additionally, his ability to lift, reach, bend, stretch and twist are substantially restricted.

9.     As a result of these substantial restrictions in major life activities, the Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq*

10.     At the time of Plaintiff's visit to the Premises on October 11, 2024 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of fully accessible restrooms, including accessible bathroom stalls, in addition to dining and bar areas provided by the Defendant. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises, even though he would be classified as a "bona fide patron".

11.     While Plaintiff does not pre-determine what violations, if any, exist, it is not uncommon for many of the restaurants that he visits to have the same, or similar, ADA violations, because what they all have in common is a parking lot, restrooms, dining area, and so on.

12.     Plaintiff is familiar with the Cooper's Hawk brand used by Defendant because he has utilized the amenities of other Cooper's Hawk restaurants in Illinois during other travels. As with the Defendant's Arlington Height's Premises, other Cooper's Hawk's restaurants have failed to comply with the ADA and, as a result, have discriminated against Plaintiff and other persons with disabilities by maintaining architectural and other barriers that deny the disabled full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the restaurant.

13.     Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public

accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the public accommodation to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

14.     On October 11, 2024, Plaintiff visited the Defendant's Premises to determine whether it would be an adequate restaurant for a person with disabilities to dine-in, including himself, while visiting the Arlington Heights area.

15.     Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific barriers and violations that Plaintiff personally physically encountered and observed at the Premises, which Plaintiff also identifies as readily achievable:

**(1)   General Area of the Men's Restroom:**

**a.   Barrier Encountered by Plaintiff: Improper Door pressure**

**Violation: Violation:** Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult and painful for him to open doors where the opening pressure exceeds 5 lbs.

4

**Readily Achievable Alteration/Modification:** Adjust door pressure so that the continuous opening pressure does not exceed 5 lbs.

b. **Barrier Encountered by Plaintiff:** Improper maneuvering clearance at door

**Violation:** Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction (trash can) that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's spinal and knee issues make it difficult to maneuver, requiring Plaintiff to use the wall as balance to enter and exit smaller areas.

**Readily Achievable Alteration/Modification:** Remove the trash can.

c. **Barrier encountered by Plaintiff:** Improper Maneuvering clearance

**Violation:** Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction (dispenser) that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's spinal and knee issues make it difficult to maneuver, requiring Plaintiff to use the wall as balance to enter and exit smaller areas.

**Readily Achievable Alteration/Modification:** Relocate the dispenser from wall where door is located.

d. **Barrier encountered by Plaintiff:** Sharp and abrasive objects under sink

**Violation:** Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Impact on Plaintiff:** Unprotected plumbing poses a risk to Plaintiff, who may accidentally injure himself due to limited sensation in his hands or compromised hand function from his basal joint arthritis which causes Plaintiff to frequently drop objects on the floor and under sinks.

**Readily Achievable Alteration/Modification:** Fully cover all plumbing and objects under sink.

e. **Barrier Encountered by Plaintiff:** Improper opening width for approaching sink due to trash bin obstruction.

**Violation:** Failing to provide the correct opening width for a forward approach to sink in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2 and/or §§4.18.3 and 4.2.5 of the 1991 ADA Standards.

**Impact on Plaintiff:** The location of the trash bin obstructs disabled persons from having unobstructed access to the sink, particularly those persons who are confined to wheelchairs.

**Readily Achievable alterations/modifications**: Relocate trash bin.

f. **Barrier Encountered by Plaintiff**: Paper towel dispenser at improper height

6

**Violation:** Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to reach items that are placed too far back or in awkward positions. A dispenser that is difficult to access increases strain and pain, making simple tasks more challenging.

**Readily Achievable Alteration/Modification:** Relocate dispenser to accessible placement.

**(2) Ambulatory Stall of the Men's Restroom:**

a. **Barrier Encountered by Plaintiff:** Inaccessible dispenser

**Violation:** Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2 and/or §§4.16.6, 4.22.7, 4.27 and 4.27.3 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to reach items that are placed too far back or in awkward positions. A dispenser that is difficult to access increases strain and pain, making simple tasks more challenging.

**Readily Achievable Alteration/Modification:** Relocate dispenser to accessible placement

    b.  **Barrier encountered by Plaintiff:** Stall doors missing handle

**Violation:** Failing to provide a stall door handle on one or both sides of a stall door as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

**Impact on Plaintiff:** The improper stall door mechanism requires tight grasping, pinching and twisting to close door without a proper door handle, resulting in pain due to compromised hand function from his basal joint arthritis.

**Readily Achievable Alteration/Modification:** Install a proper door handle on both sides to the stall door

    c.  **Barrier encountered by Plaintiff:** Inaccessible coat hook

**Violation:** Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308 and/or §§4.25.3, 4.2.5 and 4.1.3 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to reach coat hooks that are placed too high A hook that is difficult to access increases strain and pain, making simple tasks more challenging.

**Readily Achievable Alteration/Modification:** Lower existing hook or install a new hook in an ADA acceptable position

    d.  **Barrier encountered by Plaintiff:** Water closet in improper position

**Violation:** Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

8

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to maneuver on the grab bars or reach the toilet paper dispenser when the water is in an improper position, resulting in increased strain and pain.

**Readily Achievable Alteration/Modification:** Place water closet in correct position mandated by the ADA.

e. **Barrier encountered by Plaintiff:** Improperly positioned toilet paper dispenser.

**Violation:** Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7, 604.9.6, 309.4 and/or §4.16.6 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to reach the toilet paper dispenser that is too far from the water closet, thereby making it difficult to access which increases strain and pain.

**Readily Achievable Alteration/Modification:** Place dispenser in correct position mandated by the ADA

**(3) Accessible stall of the Men's Restroom**

a. **Barrier Encountered by Plaintiff**: Stall doors missing handle

**Violation**: Failing to provide a stall door handle on one or both sides of a stall door as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

**Impact on Plaintiff:** The improper stall door mechanism requires tight grasping, pinching and twisting to close door without a proper door handle,

9

resulting in pain due to compromised hand function from his basal joint arthritis.

**Readily Achievable Alteration/Modification:** Install a proper door handle on both sides to the stall door.

b. **Barrier encountered by Plaintiff:** Improperly positioned toilet paper dispenser.

**Violation:** Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7, 604.9.6, 309.4 and/or §4.16.6 of the 1991 ADA Standards.

**Impact on Plaintiff:** Plaintiff's shoulder and spinal injuries make it difficult for him to reach the toilet paper dispenser that is too far from the water closet, thereby making it difficult to access which increases strain and pain.

**Readily Achievable Alteration/Modification:** Place dispenser in correct position mandated by the ADA

(4) **Restaurant Seating Area:**

a. **Barrier Encountered by Plaintiff:** Lack of clear floor space in restaurant seating area.

**Violation:** Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

**Impact on Plaintiff:** Improper floor space limits Plaintiff's ability to navigate comfortably. His mobility is already restricted due to his knee injuries and

spinal issues, so insufficient space increases the risk of strain and pain while maneuvering.

**Readily Achievable Alteration/Modification:** Disperse the tables throughout all seating areas to assure correct amount of floor space for forward approach.

b. **Barrier encountered by Plaintiff**: Insufficient seating for disabled persons.

**Violation:** Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

**Impact on Plaintiff:** The lack of accessible seating makes it difficult for Plaintiff to participate in social or dining activities where there is insufficient seating for disabled persons. Given his spinal stenosis, knee injuries, and shoulder issues, standing or using improperly configured seating leads to significant pain and discomfort.

**Readily Achievable Alteration/Modification**: Provide accessible tables with correct leg parameters dispersed throughout all seating areas which equals at least 5% of the total seating spaces.

(5) **Bar and Bar Area**

a. **Barrier encountered by Plaintiff:** Lack of accessible seating in bar area.

**Violation:** Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.

**Impact:** With severe spinal and shoulder injuries, Plaintiff cannot comfortably access or use counters that exceed 36 inches. Reaching over such counters aggravates his shoulder injuries and creates strain on his back, leading to significant discomfort.

**Readily Achievable Alteration/Modification**: Provide accessible counters and tables with correct leg parameters dispersed throughout all seating areas.

b. **Barrier encountered by Plaintiff**: Inaccessible tables due to improper height.

**Violation:** Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area, for food or beverage service, or at a computer work surface in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

**Impact on Plaintiff**: The lack of accessible seating makes it difficult for Plaintiff to participate in social or dining activities at the bar. Given his spinal stenosis, knee injuries, and shoulder issues, standing or using improperly configured seating leads to significant pain and discomfort.

**Readily Achievable Alteration/Modification**: Provide accessible tables with correct leg parameters dispersed throughout all seating areas.

c. **Barrier encountered by Plaintiff:** Tables and work spaces exceeding 34 inches.

**Violation:** Failing to provide accessible seating for a person with a disability at a table or work surface exceeding 34 inches, in violation of 2010 ADAAG §§902, 902.1 and 902.3 and/or §4.32.4 of the 1991 ADA Standards.

12

**Impact on Plaintiff:** The lack of accessible tables and workspaces makes it difficult for Plaintiff to participate in social or dining activities at the bar. Given his spinal stenosis, knee injuries, and shoulder issues, standing or using improperly configured seating leads to significant pain and discomfort.

**Readily Achievable Alteration/Modification**: Provide accessible tables and work spaces that do not exceed a height of 34 inches.

d. **Barrier encountered by Plaintiff**: Insufficient seating for disabled persons.

**Violation:** Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

**Impact on Plaintiff:** The lack of accessible seating makes it difficult for Plaintiff to participate in social or dining activities where there is insufficient seating for disabled persons. Given his spinal stenosis, knee injuries, and shoulder issues, standing or using improperly configured seating leads to significant pain and discomfort.

**Readily Achievable Alteration/Modification**: Provide accessible tables with correct leg parameters dispersed throughout all seating areas which equals at least 5% of the total seating spaces.

16. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises that were afforded to able-bodied members of the community using the Premises.

17.    As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at the Premises because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and fourteen years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

18.    Plaintiff would like to be able to be a patron of the Premises in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

19.    Plaintiff, in his individual capacity, will return to the Premises and avail himself to the services offered at the Premises when Defendant modifies the Premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

20.    Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

21.    Additionally, Plaintiff, in his capacity as a tester, intends to return to the Northwest suburbs and the Arlington Heights area within the next 2-3 months, subject to his physical condition and weather, to determine if any of the previously discovered ADA violations at Defendant's Premises and other places of public accommodation have been rectified. If places have made agreements with Plaintiff to rectify any specific ADA violation, Plaintiff will also

return within a reasonable time after the period for making the remediations have expired to confirm compliance.

22.     Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23.     Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

24.     To date, the readily achievable barriers and violations of the ADA alleged in Paragraph 15 above still exist at the Premises and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25.     As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

26.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

27.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to

design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

28.    Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

29.    Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

30.    The violations alleged in paragraph 15 above are readily achievable to modify in order to bring the Premises into compliance with the ADA.

31.    In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 15 above, the 1991 ADA Standards apply.

32.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

a.    This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

16

b.  This Court enter an Order requiring Defendant to alter the Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c.  This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

d.  This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

e.  This Court award such other and further relief as it may deem necessary, just and proper.

Respectfully submitted,

HOWARD COHAN

By:  */s/ Marshall J. Burt*
　　　　One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
1338 S. Federal St. #L
Chicago, IL 60605
312-854-3833
marshall@mjburtlaw.com
IARDC #6198381